United States District Court
Southern District of New York

| | |
|---|---|
| Wendell Belle,<br>Petitioner (Pro se),<br><br>-V-<br><br>United States of America,<br>Respondent, (D.A.). | See Attached Attorney-Client Privilege Signed Waiver.<br><br>Civil No.# 23-CV-9697(VEC);<br>Crim. No.# 15-CR-0587-3(VEC);<br><br>Pages 1-of-4; |

(Pro se) Motion Pursuant To Rule 59(e) For Re-Consideration Of This Court's January 9th, 2024, Order In Conjunction With An Attached Hereto Attorney-Client Waiver

1) On January 9th, 2024, this Court issued an order basically agreeing with the Government's Jan. 3, 2024, letter-2255 response.... However, the District Court's Jan. 9, 2024, order is in conflict with established law, even by the 2nd Circuit in United States V. Taylor, Case No.# 15-827 (May 13, 2016)(motion to recall 2nd Circuit mandate is granted because appellate counsel was ineffective in violation of the [CJA] Plan) quoting Nnebe V. United States, 534 F.3d 87, 89-92 (2nd Cir. 08); United States V. King, 11 Fed. Appx. 219, 220-21 (4th Cir. 01)(citing Wilkins V. United States, 441 U.S. 468 (1979)(Per Curiam); Sotelo V. United States, 474 U.S. 806 (1985); see also United States V. Sotelo, 778 F.2d 1125, 1126 (5th Cir. 1985). Each and every above cited case law raised ineffectiveness of (CJA) appellate counsel in violation of Circuit Courts' (CJA) Plan under 18 U.S.C. § 3006A(a), and Strickland V. Washington, 466 U.S. 668, 687 (1984).... Courts that have touched based on this issue, including the 2nd Cir. have held that Belle, does not have to demonstrate prejudice by establishing that his "rehearing en banc, or Certiorari" Petitions would have been successful. See Nnebe, Taylor supra.

2) The U.S. Supreme Court has twice granted late-filing of Pro se Petitions for Certiorari, and remanded for further Proceedings when a defendant's (CJA) appellate Counsel, without adequate justification, failed to assist in the filing of a timely Petition. See <u>Wilkins</u>, <u>Sotelo</u>, ~~supra~~ supra.

2.a) In this Particular case appellate Counsel Steven Yurowitz, not only had <u>no</u> justification whatsoever, for Completely abandoning his Client (Wendell Belle), during his direct appeal Procedural Litigation, and 2nd Cir., established (CJA) Plan, and law Pursuant to 18 U.S.C. § 3006A(a) as set forth above herein Paragraphs # 1), and 2), that under 2nd Cir. rule and established law Appellate Counsel Yurowitz, is still Belle's attorney because Yurowitz, never filed A Motion to withdraw as appellate Counsel before the 2nd Cir. that further support Atty. Yurowitz, ineffectiveness that this Court does not need any type of other evidence nor an affidavit from Yurowitz, the 2nd Cir. Docket sheet involving this case appeal is enough.... But also the Government raised the appeal rights waiver in Belle's Plea agreement.... However, the Government ignores that Belle's appeal rights waiver states that Belle, can appeal any issue under ineffective assistance of Counsel.... Which Yurowitz, Cannot file in-~~effectiveness against himself.~~

3) Nevertheless, Belle, is respectfully raising not only was Atty. Yurowitz, ineffective for many reasons, in particular for raising frivolous issues, and ~~ignoring~~ the bang-winners issues on his second direct appeal like the change of law in <u>Taylor</u>, 142 S. Ct. 2015 (2022), that went into law June 2022, and Belle's second direct appeal became final on August 19, 2022, or Sept. 9, 2022....., and how could any attorney allow his client to plea guilty without <u>challenging nor objecting</u> to the (PSI) report that was giving his client Criminal History Points of (7) for Prior State Convictions that were part of the instant Criminal Conspiracy that Belle, plea guilty before this court, and was sentenced, but also the above issues overwhelmingly demonstrate that Atty. Yurowitz, was working hand-N-hand with the Government to ensure that Belle, received a very harshed sentence of (300) hundred Months that once

the first §924(c) conviction was dismissed - invalidated Counsel had an "obligation to his Client, and his ethical and judicial oath" to "Challenge and object" to the (360) hundred months imprisonment that this Court enacted on Feb. 23, 21, even under the First Step Act because once Belle's first §924(c) conviction was invalidated by the 2nd Cir., and remanded for re-sentencing the Mandatory "25-yrs., for having two different §924(c) Counts does not apply. But Counsel intentionally turned A blind eye."

4) However, as this drafter of this Rule 59(e) Motion read (AUSA) Henry Ross, Jan. 3, 24, letter - §2255 response before this Court It seems that (AUSA) Ross, has created a redherring because (AUSA) Ross, Jan. 3, 24, Taylor, 142 S.Ct. 2015 (2022) argument, and Procedural Litigation is (Premature).... Under Second Circuit established (CJA) appellate plan, and law Pursuant to 18 U.S.C. § 3006(A)(a) Citing Strickland in Nnebe, Taylor 2016, Supre., this Court Must:

(a) Appoint New Appellate Counsel to review Belle's second direct Appeal issues, en banc and Certiorari Petitions that will finally inform Belle, what are his appellate Procedural Litigations rights, even under the Pipeline law options;

(b) Granting Belle's ground one raised in his §2255 Motion, issuing an order to remand Belle, back before the 2nd Circuit with New Appellate Counsel appointed as raised above in alphabet # (a). So Belle, can effectively obtain his second ... Appeal rights as established by the supreme Court, and ... ...late Counsel, and,

5) Belle, respectfully urge this Court to not only grant this Rule 59(e) motion for reconsideration of its Jan. 9, 2024, order for the reasons, and case law quoted above herein Paragraphs # 1)-thr.-4), but also grant Belle, each relief he raised above herein Paragraph # 4), at alphabets # (a)-thr.-(c), in the best interest of justice

Date: Jan. 22, 2024,

Respectfully Submitted,
/s/ Wendell Belle
Wendell Belle's Signature.

## "Certificate Of Service"

I, Wendell Belle, declare under oath/Penalty of Perjury §1746, that on January 24, 2024, he mailed the original above "Rule 59(e) Motion" with an attached "Attorney-Client Privilege Waiver" to U.S. District Court Judge Valerie Caproni, for the Southern District of New York, 40 Foley Square, New York, NY 10007, and a copy of the identical "Rule 59(e) Motion" and "Waiver" to: (AUSA) Henry Ross, at The Silvio J. Mollo Building, One Saint Andrew's Plaza, New York, N.Y. 10007....

Respectfully Submitted,
/s/ Wendell Belle
Wendell Belle's Signature.

---

Foot Note —
(AUSA) Rosses' Jan. 3, 2024, letter - § 2255 response is not in accordance with the Supreme Court nor 2nd Circuit's teaching, Circuit rule and law pursuant to 18 U.S.C. § 3006A(a) as quoted above herein Paragraphs # 1)-thr.-4), alphabells # (a)-thr.-(c), and in Taylor 2016, Price, 491 F.3d 613 (7th Cir. 2007).... This Court has an obligation, under the above Circuit Courts rule and law to protect Belle's appellate full appeal rights by appointing effective appellate Counsel as quoted above herein Paragraphs # 5), and 4), at alphabets # (a) -thr.-(c) because Belle, has never studied criminal law, and needs appellate counsel to protect his appellate rights, and Procedural Litigation-

# Attorney-Client Privilege Waiver
## (A-CPW) Pg. 1-of-2

1) Wendell Belle, (A-CPW) Declaration that I Signed below under Oath/Penalty of Perjury Pursuant to §1746, stating that everything I write on this said (A-CPW) Declaration came from me, and every word is the truth in support of his-my filed October 26, 2023, § 2255 Motion, and attached hereto Rule 59(e) Motion as raised issues and arguments on both Motions....

2) I Signed this (A-CPW) Declaration based on (AUSA) Henry Rosses' January 3, 2024, letter-§2255 response that is a clear redherring and not in accordance with U.S. Supreme Court and Circuit Courts, including the 2nd Cir. (CJA) Appellate Counsels' ineffectiveness established rule, plan and law pursuant to 18 U.S.C. § 3006A(a).... U.S.-V- Price, 497 F.3d 613 (2007); U.S.-V-Taylor, 822 F.3d 83, 94 n.7 (2nd Cir. 2016) (quoting Nnebe-V-U.S., 534 F.3d 87, 89-92 (2nd Cir. 2008); Wilkins-V-U.S., 441 U.S. 468 (1979) (Per Curiam); Sotelo-V-U.S., 474 U.S. 806 (1985), each above cited case law quoted Strickland, 466 U.S. 668, 687 (1984) to support their opinion that appellate Counsel was completely ineffective for abandoning their clients-appellants during their direct appeals Procedural Litigations...

3) Belle, respectfully "waives Attorney-Client Privileges" that will allow the Government to speak with any defense attorney who represented him during every stage of this "Case Prosecution, sentencing, direct appeal Procedural Litigation etc.," that only is directed towards the raised issues and arguments stated in his filed Oct. 26, 2023, § 2255 Motion, and Rule 59(e) motion.... Anything else is Still Protected under Attorney-Client Privilege."

(This (A-CPW) Declaration Continues)
Date: 1/22/2024,

Wendell Belle's Signature,
/s/ Wendell Belle

(A-CPW) Declaration Continued Pg. 2-of-2

4) Nevertheless, (AUSA) Henry Rosses' request for this (A-CPW) Declaration is (NOT) Necessary to support my raised issues and arguments under above cited case law etc, because this Court can review the 2nd Cir. docket sheet in Belle, No# 21-544(L), that overwhelmingly demonstrates appellate Counsel Yurowitz' ineffectiveness supporting Belle's raised issues, and arguments above, by Appellate Counsel Yurowitz, never filed any type of Appellate Motion To With-Draw As Belle's Appellate Counsel as required by established Circuit Courts rule and law.... The 2nd Cir. Docket sheet No# 21-544(L), is enough evidence for this Court to grant me the "relief I seek" in Ground One of My filed §2255 and in My attached hereto "Rule 59(e) Motion under Paragraphs# 5), and 4), at alphabets# (a) -thr,- (c)...."

5) (AUSA) Rosses' Jan, 3, 2024, letter-§2255 Motion response is a clear redherring to the overwhelming evidence as set forth above, and Circuit Courts' rule and law Pursuant to 18 U.S.C. §3006A(a), that (AUSA) Ross, does not mention whatsoever, that once I have presented evidence to support My raised issues and arguments as set forth above, that this Court has an obligation to not only protect all of Belle's appellate Procedurals Litigation Const. rights that were enacted to him by Congress in conjunction with the Supreme Court, but also immediately appoint new appellate Counsel to effectively represent Belle, were appellate Counsel S. Yurowitz, intentionally and ineffectively failed to protect Belle's Const. rights as set forth above.... "Belle, never studied criminal law."

I end this (A-CPW) Declaration Here....

Respectfully Submitted,

Date: 1/22/2024

/s/ Wendell Belle
Wendell Belle's Signature



